IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Petitioner

    v.                                               Case No. 1:22-mc-20

RICK Q. WILSON,

    Respondent.

**PETITION FOR ORDER COMPELLING
COMPLIANCE WITH AN ADMINISTRATIVE SUBPOENA**

The United States of America petitions this Court, pursuant to Title 21, United States Code, Section 876(a), for an Order compelling Rick Q. Wilson to comply with Administrative Subpoena MM-21-075444 by the Drug Enforcement Administration (DEA) seeking patient records, including prescriptions. Subpoena MM-21-075444 was personally delivered to Dr. Wilson. Attached as Exhibit 1 is a copy of the subject subpoena and the Certificate of Subpoena. In support thereof, the United States provides as follows:

**Background**

Title 21, United States Code, Section 876(a) authorizes the Attorney General of the United States, relating to his functions under the Controlled Substances Act (CSA), to subpoena witnesses and require the production of any records that are relevant or material to an investigation under the CSA. The Attorney General has delegated all functions vested in him by the CSA to the DEA Administrator. 28 C.F.R. Section 0.100, Subpart R. The DEA Administrator has re-delegated his authority to issue administrative subpoenas to various DEA personnel, including Diversion Program Managers. 28 C.F.R. Section 0.100, Appendix to Subpart R.

The DEA is investigating Dr. Wilson for possible civil violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. ("CSA"). Dr. Wilson lives and works in California. Until recently, when he gave up his New Mexico license, Dr. Wilson saw patients in Albuquerque, New Mexico, twice a month through his corporation, Neuromental Health Services, Inc., 711 Encino Place, NE, Suite F ("Neuromental Health Services"). Although Dr. Wilson does not hold himself out to the public as treating patients that have substance use disorder, the United States sought and obtained an order allowing it to obtain substance use disorder treatment records. *See In re Rick Wilson, PhD.*, 19-cv-00525 JB (filed under seal).

On May 3, 2021, the DEA served Administrative Subpoena MM-21-075444, signed by the Diversion Program Manager on Rick Q. Wilson requesting certain patient records maintained by him, which are relevant to an investigation of violations of 21 U.S.C § 801 *et seq*. *See* Exhibit 1. The DEA's subpoena requested medical records of select patients of Dr. Wilson to determine whether the prescriptions for Xanax and other controlled substances he prescribed were medically appropriate. If such prescriptions were not medically appropriate, Dr. Wilson may have violated the CSA.

While Dr. Wilson provided some documents in response to the subpoena, he did not provide all documents and many of the documents were password protected. Dr. Wilson failed to produce a list of his patients in the last five years, controlled substance prescriptions written for each patient, and records for two of the requested patients—G.R. and J.V. Dr. Wilson produced some records for 39 patients, but failed to produce any billing records; failed to produce appointment notes for a handful of patients, including K.C., J.C., S.C., J.J., and J.S.; and failed to produce the paperwork filled out by the patients for several patients, including E.A., J.C., A.C.,

S.C., N.D., A.G., J.G., N.G., S.G., J.J., I.M., R.M., R.M., J.M.M., J.M., T.M., S.P., C.P., P.P., C.R., A.R., T.S., A.S., J.S., D.S., R.T., and J.V. Finally, Dr. Wilson produced several files that looked like this:



When attempting to open one of the files with the lock by it, one got the following prompt:



The USAO reached out to Dr. Wilson's attorney to attempt to obtain all documents requested by the subpoena and to get the password for the locked documents. After much delay, it became apparent that Dr. Wilson has no intention to either produce the responsive documents in a manner accessible by the DEA or to provide the password for the documents.

### Analysis and Request

The United States requests an order from this Court directing Dr. Wilson to comply with DEA Administrative Subpoena MM-21-075444 (Exhibit 1),[1] which was lawfully issued

---

[1] Patient names are redacted.

3

pursuant to 21 U.S.C. § 876(c). Section 876 "is written to give the DEA broad powers to investigate violations of federal drug laws." *United States v. Moffett*, 84 F.3d 1291, 1293 (10th Cir. 1996). An administrative subpoena need be supported by reasonable cause. *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir. 2012). Reasonable cause is satisfied "by the court's determination that the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry." *Id*.

The Administrative Subpoena at issue here was issued pursuant to lawful authority—21 U.S.C. § 876. It was issued for a lawful purpose, which is to pursue the investigation into whether Dr. Wilson violated the CSA. The records requested are relevant to the DEA's investigation of whether Dr. Wilson violated the CSA. The patient medical records will indicate whether the prescriptions were medically appropriate. Finally, the information sought is reasonable. The United States limited the number of patients to those who died within a reasonably short period of time of seeing Dr. Wilson and are limited in time.

WHEREFORE, the United States requests, that pursuant to 21 U.S.C. § 876(c), this Court order Dr. Wilson to produce all records requested in DEA Administrative Subpoena MM-21-075444.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

*Electronically filed 6/3/22*
*/s/ Ruth F. Keegan*
RUTH F. KEEGAN
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
Tel.: (505) 346-7274; Fax: (505) 346-7205
ruth.f.keegan@usdoj.gov

5